# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| PANALPINA, INC., ENERGY SOLUTIONS DIVISION, USA and HELVETIA | § § § § § |
| vs | § § CIVIL ACTION NO. 4:20-cv-438 § |
| SOURCE ONE AIRCRAFT REPAIR | § § § |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Panalpina, Inc. Energy Solutions Division, USA (hereinafter referred to as "Panalpina") and files its Original Complaint for Declaratory Relief against Source One Aircraft Repair, L.P., (hereinafter, referred to as "SOAR") and would respectfully show this Honorable Court as follows:

### I. INTRODUCTION

1.   This is a declaratory judgment action pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 to determine questions in actual controversy between the parties. Plaintiff is seeking a declaration that Defendant is barred by limitations from bringing a breach of an Ocean and Combined Transport Waybill cause of action. Further, and in the alternative, Panalpina seeks a declaration that in the event this Court denies Plaintiff's prayer for declaration that all of SOAR's claims are time barred, the Court should declare that the cargo damages are limited to the amount specified in the Terms and Conditions of the applicable Waybill.

622462.1 PLD 0002266 20989 CTR

1

## II. PARTIES

2.1 Plaintiff Panalpina is a company existing and operating under the laws of the State of Texas. Panalpina regularly conducts business at 19409 Kenswick Drive, Humble, Texas 77338.

2.2 Defendant SOAR is a California Limited Partnership conducting business in the state of Texas and may be served with process by and through its registered agent, Stephen Hofer, at 11900 W. Olympic Blvd. Ste. 450, Los Angeles, California 90064-1171.

## III. JURISDICTION AND VENUE

3.1 The Court has subject matter jurisdiction under 28 U.S.C. § 2201, as this civil action is an action for Declaratory Relief.

3.2 The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and cost.

3.3 Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391, because this Court has personal jurisdiction over Defendant. Defendant regularly and systematically conducts business in Texas, has entered business relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action. More specifically, the cargo shipment in dispute was booked in Harris

County, Texas, when SOAR contacted and requested a quote, and, subsequently, agreed to give instructions to ship the cargo from Singapore to Germany.

## IV. FACTUAL BACKGROUND

4.1     This declaratory judgment action arises from a damaged cargo dispute. Plaintiff, Panalpina, a freight broker, was asked by Defendant, SOAR, the shipper in this incident, to arrange the transportation of its cargo—two Airbus A380 engine air intake cowls—from Singapore to Germany.

4.2     The two subject engine intake cowls had previously malfunctioned and were severely damaged during a flight over the Pacific Ocean but were recovered in Singapore. SOAR originally purchased the two damaged engine intake cowls in hopes of repairing the engines and subsequently selling them for a profit. The consignee ended up being a German company, Lufthansa Technik AG. Consequently, SOAR retained Panalpina to provide services in shipping the two damaged intake cowls from Singapore to Germany.

4.3     Panalpina provided an "ocean freight quote" for transport to SOAR on or about April 6, 2016. *See Exhibit A*.

4.5     The ocean freight quote was drafted and completed in Humble, Texas, which is located within Harris County, Texas.

4.6     SOAR accepted the freight quote on April 15, 2016, and confirmed Panalpina could proceed with the shipment. *See Exhibit B*.

4.7     The shipment departed from Singapore on May 11, 2016, and arrived in the Port of Hamburg, Germany, on approximately June 14, 2016. *See Exhibit C.* SOAR alleges that the cargo then sat outside exposed to the rain from June 15, 2016 through July 20, 2016. SOAR admits that they were "notified of potential damage at this time." *Id.*

4.8     Currently, there have been a plethora of correspondence and demands regarding the alleged cargo damage, but no party has filed suit in any court of law. Consequently, Panalpina now seeks a declaration from this Court regarding SOAR's timeliness in bringing suit.

## V. DECLATORY JUDGMENT

**A. SOAR is precluded from bringing any cargo dispute claims against Panalpina because they are barred by the Hague-Visby Rules and/or by Paragraph 7.9.2 of the Terms and Conditions of the Waybill.**

5.1     This action is being brought pursuant to 28 U.S.C. § 2201. § 2201(a) states in relevant part, that:

> "In a case of actual controversy within its jurisdiction…any court of the United States upon filing of an appropriate pleading may declare the right and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Further, "Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." *Id.*

5.2     The Hague-Visby Rules compulsorily govern a carriage from the time a ship's tackle is hooked on the cargo at the port of loading until the time the cargo is released from the tackle at the port of discharge whenever either (1) the bill of lading is issued

in a signatory nation; (2) carriage is from a port in a signatory nation; or (3) the bill of lading references the Hague-Visby Rules. *Foster Wheeler Energy Corp. v. An Ning Jiang MV, Etc.*, 383 F.3d 349, 355 (5th Cir. 2004).

5.3     In this case, the Ocean Waybill, which acts as the controlling document in this dispute, was issued in Singapore on May 4, 2016, *See Exhibit D*. The Waybill states that the carriage departed from a port in Singapore. *Id*. Singapore is a signatory nation to the Hague-Visby Rules. Therefore, the Hague-Visby Rules apply to the Waybill.

5.4     Section 6, Paragraph 3 of the Hague-Visby Rules states:

> Subject to paragraph 6bis the carrier and the ship shall be discharged from all liability whatsoever in respect of the goods, **unless suit is brought within one year of their delivery** or of the date when they should have been delivered. This period, may however, be extended if the parties so agree after the cause of action has arisen. (emphasis added).

5.5.    In addition, the agreed-upon Terms and Conditions of the Waybill state the following in paragraph 7.9.2:

> Notwithstanding Clause 7.9.1. where COGSA, the Hauge Rules or the Hague-Visby Rules apply by force of law or incorporation, the Carrier shall be discharged from all Liabilities whatsoever in respect of the Goods, unless suit is brought and jurisdiction is obtained over Carrier by service of summons **within one year of their delivery** or the date when they should have been delivered. *Exhibit E, Paragraph 7.9.2, emphasis added.*

5.5     The shipment in this case was delivered in Germany on or around June 14, 2016. *See Exhibit C*. As previously stated, SOAR admitted they were aware of the

alleged damage to the cargo near or around July 20, 2016. *Id.* **To date, SOAR has still not brought suit—nearly four years after the delivery of the cargo to its destination under the waybill.**

5.6 Panalpina and SOAR did not agree to extend the period in which to bring suit.

5.7 Because SOAR failed to file suit within the allotted time of both the Hague-Visby Rules, and/or the applicable Waybill Terms and Conditions, SOAR must be barred from bringing a cause of action against Panalpina with respect to the subject cargo at any future date. As such, Panalpina respectfully requests this Court to declare that the limitations for a cause of action relating to the subject cargo dispute for SOAR has expired, and that SOAR is precluded from bringing any such suit against Panalpina.

> **B. In the event that this Court finds that SOAR is permitted to bring a cause of action, Panalpina's maximum liability shall not exceed $2 per kilo of gross weight of the Goods.**

5.8 Additionally and in the alternative, if this Court determines that SOAR is permitted to bring a cause of action regarding the subject cargo dispute, then Panalpina seeks a declaration that Panalpina's maximum liability shall not exceed GBP 100 per package or US $2 per kilo of gross weight of the Goods.

5.9 Paragraph 6.4.1(e) of the applicable Waybill Terms and Conditions states the following:

> The Carrier's maximum liability hereunder shall in no event exceed GBP 100 per package or customary freight unit (whichever is

applicable) or US$2 per kilo of gross weight of the Goods lost or damages, whichever is lesser, ***unless the value of the Goods has been declared*** by the Merchant with the consent of the Carrier and excess Freight has been paid whereupon the declared value (if higher) as shown on the face of the Bill of Lading shall be substituted for the above limit and any partial loss or damage shall be adjusted on the basis of such declared value. *Exhibit E, Paragraph 6.4.1(e)*

5.10   In other words, if the Waybill does not declare a value, then the maximum liability will not exceed GBP 100 per package or customary freight unit (whichever is applicable) or US$2 per kilo of gross weight of the Goods lost or damages, whichever is lesser.

5.11   **The applicable Waybill did not declare a value**, as evidence below:



***Excerpt from Exhibit D, emphasis added***

5.12   Because there was no declared value in the agreed-upon Waybill, maximum liability cannot, as a matter of law, exceed GBP 100 per package or US$2 per kilo of gross weight of the Goods.

5.13   Here, the Waybill states that there were 5 packages shipped, and the packages shipped, which included engine inlet cowls, weighed a gross weight of 2,200.00 kg:



*Excerpt from Exhibit **D**, emphasis added*

5.14   The wording of the contractual language is clear that maximum liability shall not exceed "the lesser" of the two measurements.[1] *See Exhibit E, Supra.*

5.15   As a result, if this Court determines that SOAR is not barred by limitations from bringing a cargo dispute against Panalpina, then Panalpina's maximum liability cannot exceed the lesser of GBP 100 per package or US$2 per kilo of gross weight of the subject engine intake cowls. As such, Panalpina respectfully requests this Court to declare that Panalpina's maximum liability cannot exceed the lesser of GBP 100 per package or US$2 per kilo of gross weight of the subject engine intake cowls.

## VI. PRAYER FOR DECLARATORY JUDGMENT

6.1   Accordingly, Plaintiff, Panalpina, respectfully requests that Defendant SOAR be cited to appear and that the Plaintiff have judgment against Defendant for a declaratory judgment offering the Court's determination that Defendant is barred

---

[1] 5 packages at GBP 100 per package totals GBP 500. Using the current conversion ratio as of February 7, 2020, GBP 500 converts to US $644.55. 2,200.000 KG at 2US$ equals 4,400.00. Thus, as of today, the lesser of the two measurements equals US $644.55 for the entire shipment.

622462.1 PLD 0002266 20989 CTR

under the Hague-Visby Rules and/or by the Terms of the applicable Waybill from bringing a cause of action against Panalpina with respect to the subject cargo dispute.

6.2   Additionally and in the alternative, Plaintiff, Panalpina, further requests that this court declare that Panalpina's maximum liability cannot exceed the lesser of GBP 100 per package or US$2 per kilo of gross weight of the subject engine intake cowls, as specified in the Terms and Conditions of applicable Waybill.

Respectfully submitted,
LORANCE THOMPSON, P.C.

_____
Eric R. Benton
SBN: 00797890
Fed. ID: 20751
Attorney-in-Charge
E-Mail: erb@lorancethompson.com
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone:  (713) 868-5560
Facsimile:  (713) 864-46713
**ATTORNEY FOR PLAINTIFF**

**OF COUNSEL:**
**LORANCE THOMPSON, P.C.**
Daniel L. Fulkerson
SBN: 24025372
Federal Bar No. 26216
Email: dlf@lorancethompson.com

622462.1 PLD 0002266 20989 CTR